UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHAYLA JEFFERSON-JAMES** | **CASE NO. 6:24-CV-00069** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PORTFOLIO RECOVERY ASSOCIATES** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is DEFENDANT'S MOTION TO DISMISS COMPLAINT AS TIME BARRED BY THE FAIR CREDIT REPORT ACT'S TWO YEAR STATUTE OF LIMITATIONS (Rec. Doc. 5) filed by Defendant Portfolio Recovery Associates, LLC. The motion is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. For the reasons explained below, this Court recommends that Portfolio's motion be GRANTED and that Plaintiff Shayla Jefferson-James' claims against Portfolio be DISMISSED WITH PREJUDICE.

### Factual Background

On January 17, 2024, Plaintiff, proceeding *pro se*, filed a complaint in this Court against Portfolio alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (FCRA) (Rec. Doc. 1). She alleges that, on or about May 1, 2020, her credit report was generated (*Id.* at ¶ 5) which indicated that Portfolio had accessed her report on March 13, 2020 and March 15, 2020 (*Id.*).[1] Portfolio allegedly did not have a "permissible purpose" as required by 15 U.S.C. § 1681b(f) to access her report. (*Id.* at ¶ 10). Plaintiff further alleges that Portfolio had not been retained by a creditor with whom she had initiated a transaction (*Id.* at ¶ 11), Portfolio did not take any follow-up actions after accessing the

---

[1] The document attached to the complaint purporting to be a portion of Plaintiff's credit report lists an additional access date of August 5, 2018. (Rec. Doc. 1-2).

1

report (*Id*. at ¶ 12), and Plaintiff had not given consent to Portfolio to access her report (*Id*. at ¶ 13).  Portfolio's lack of a permissible purpose is alleged to constitute a violation of the FCRA for which she seeks actual and punitive damages.  (*Id*. at Prayer).

Portfolio responded with the instant motion contending that Plaintiff's suit is untimely under the FCRA's two-year statute of limitations.  (Rec. Doc. 5) (citing 15 U.S.C. § 1681p).  In support, Portfolio submitted the affidavit of Meryl Dreano, Portfolio's custodian of records, who attested to the presence in Portfolio's files of a June 26, 2020 letter from Plaintiff addressed to Portfolio stating as follows:  "I'm writing to ask what was your permissible purpose for pulling my Transunion credit report on 03/15/2020, 03/13/2020, and 08/05/2018?  To my knowledge, we have not done any type of business."  (Affidavit, Rec. Doc. 5-2, Letter, Rec. Doc. 5-3).  Plaintiff did not respond to the motion.

## Applicable Standards

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to

accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

## Analysis

Causes of action under the FCRA are subject to two statutes of limitation:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, **not later than the earlier of**—
> (1)   **2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability**; or
> (2)   5 years after the date on which the violation that is the basis for such liability occurs.

(emphasis added). The two-year period is at issue here. The Fifth Circuit interprets the commencement of the two-year limitation period in Section 1681p(1) under the general discovery rule "that a limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovery that those facts constitute a legal violation." *Mack v. Equitable Ascent Fin., LLC*, 748 F.3d 663 (5th Cir. 2014). "The facts relevant to this rule are (1) the existence of an injury and (2) the identity of the person who inflicted it." *McCune v. U.S. Dep't of Justice*, 592 F. App'x 287, 291 (5th Cir. 2014) (citing *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir. 1992)).

Plaintiff's complaint alleges that "[o]n or about 5/1/2020, a consumer report pertaining to Plaintiff was generated and maintained by Transunion. . . ." (Rec. Doc. 1 at ¶ 6). Her letter to Portfolio is dated June 26, 2020 and expressly inquires about Portfolio's "permissible purpose" in pulling her credit report on the dates in question. (Rec. Doc. 5-3 at 2). The date and time header on the fax cover page addressed to Portfolio states June 26, 2020 at 6:32 pm. "Permissible purpose" is a term of art under the FCRA, *see* 15 U.S.C. § 1681b, and is the crux of her cause of action, *i.e.*, that Portfolio lacked a permissible purpose to obtain her credit report in the first place.[2] Plaintiff's use of that term demonstrates an awareness not only of the facts giving rise to the claim but also that those facts constitute a legal violation. With such knowledge expressed on June 26, 2020, Plaintiff's FCRA suit filed on January 17, 2024 is barred by the two-year statute of limitations under Section 1692p.

The Court agrees with Portfolio that consideration of June 26, 2020 letter does not operate to convert the instant motion to a motion for summary judgment under Rule 12(d). (Memorandum, Rec. Doc. 5-1 at 3). For Plaintiff to have knowledge of the contents of her credit report—which is central to her claim since she alleges that Portfolio accessed her report without a permissible purpose—she would have to have requested and received it at some point. The complaint states that on May 1, 2020, Plaintiff's report was "generated and maintained." (Rec. Doc. 1 at ¶ 6). Plaintiff does not allege that she generated the report on that date, but the Court can discern no plausible alternative explanation and Plaintiff offers none. She had to have her credit report to know what was in it. Also, a portion of the credit report was attached to and thus made a part of her complaint. (Rec.

---

[2] Since Portfolio's motion is limited to timeliness, it did not address—nor will the Court address—whether Portfolio had a permissible purpose in obtaining Plaintiff's credit report. *See generally Norman v. Northland Grp., Inc.*, 498 F. App'x 425 (5th Cir. 2012) (holding that a debt collector's credit report inquiry was for permissible purpose of collecting on an account and therefore did not violate the FCRA).

5

Doc. 1-2). Thus, the date on which Plaintiff was aware of the contents of her credit report is central to her claim and can be considered in connection with a motion under Rule 12(b)(6). *See In re Katrina Canal Breaches Litig., supra.*

## Conclusion

For the reasons discussed herein, the Court recommends that DEFENDANT'S MOTION TO DISMISS COMPLAINT AS TIME BARRED BY THE FAIR CREDIT REPORT ACT'S TWO YEAR STATUTE OF LIMITATIONS (Rec. Doc. 5) filed by Defendant Portfolio Recovery Associates, LLC be GRANTED and that all claims asserted by Plaintiff Shayla Jefferson-James be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 4th day of October, 2024.



David J. Ayo
United States Magistrate Judge